**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| GLENN R. STEWART, ET AL. | CIVIL ACTION NO. 20-1479 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| MORTON M. GRUBER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court are two Motions in *Limine* to exclude the reports, opinions, and testimony of Dyke Nelson ("Nelson"), the purported expert witness of Glenn Stewart, Parc Gardens, LLC, and Maison Lafayette, LLC dba Camellia Gardens (collectively "Plaintiffs"). See Record Documents 43 & 51. Defendants, Metzger Architecture, LLC, and Thomas J. Metzger (collectively "Metzger") and Morton M. Gruber, AIA, Architects and Morton M. Gruber, AIA (collectively "Gruber," and together with Metzger, "Defendants") joined in a Motion in *Limine* to Exclude Preliminary and Supplemental Reports, Opinions and Testimony of Plaintiffs' Expert Witness (Rec. Doc. 43), and third-party defendants, Frederick W. Keeney, P.E. and F.W. Keeney & Associates (collectively "Keeney," and together with Defendants, "Movers") filed a Motion in *Limine* to Exclude Expert Reports and Prohibit Testimony of Plaintiff's Expert (Rec. Doc. 51). Plaintiffs filed the same opposition to both motions. See Record Documents 44 & 67. Defendants and Keeney each filed replies to Plaintiffs' opposition. See Record Documents 50 & 71. For the following reasons, Movers' Motions in *Limine* are **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The present suit arises out of the design and construction of a multi-building project called "Camelia Gardens – Apartment Homes" in Lafayette, Louisiana. See Record

Document 43-1 at 1. On May 4, 2020, Plaintiffs filed suit in state court, alleging negligence and breach of duty, among other things. See id. at 3. The case was subsequently removed to federal court by Defendants. See id. On May 24, 2021, Metzger filed a Third-Party Complaint joining Keeney as third-party defendants. See Record Document 51-2 at 2.

On October 12, 2021, the Court issued an amended Scheduling Order setting the deadline for the disclosure of Plaintiffs' expert information and reports as April 21, 2022. See Record Document 35 at 2. On January 24, 2022, in response to a discovery request, Plaintiffs produced a document entitled "Architect's Field Report No. 01" ("Architect's Field Report") by Nelson and DNA Workshop dated November 12, 2019. See Record Document 44 at 3. Plaintiffs resubmitted this same report to Defendants on February 25, 2020. See id. Notably, Plaintiffs did not identify Nelson as an expert witness in their discovery responses, and explicitly stated that they "ha[d] not retained expert witnesses in this matter." See Record Document 43-1 at 4 (Ex. 2, at Plaintiffs' Response to Interrogatory No. 13). Thereafter, Plaintiffs did not produce an expert report by the April 21 deadline contained in the Scheduling Order. See id.

After the disclosure deadline had passed, Plaintiffs produced a series of amended reports by their purported expert, Nelson. First, on April 26, 2022, five days after Plaintiffs' export report disclosure deadline, Plaintiffs produced a "Preliminary Report of Observations at Parc Gardens Apartments" ("Preliminary Report ") by Nelson that was dated April 21, 2022. See id. at 5. This Preliminary Report mirrors the Architect's Field Report, with the addition of a cover page and "some additional information regarding [Nelson's] firm, relevant projects and previous architectural experience." See id. Next, on

2

May 13, 2022, Plaintiffs produced a "Supplemental Export Report" ("Supplemental Report") by Nelson, "which included additional information under 'Pertinent Facts and Data,' as well as Nelson's qualifications and compensation." See id. at 6. Finally, on June 15, 2022, Plaintiffs produced an "Amended and Supplemental Expert Report" ("Second Supplemental Report"), which added Nelson's C.V. and some exhibits. See id. This Second Supplemental Report came after Defendants' experts had produced reports and been deposed. See id.

In the motions before the Court, Movers seek to exclude the reports and testimony of Nelson because, they assert, Nelson's expert reports are untimely and deficient under Federal Rule of Civil Procedure 26(a)(2)(B). See Record Documents 43 & 51. Plaintiffs respond that (1) Plaintiffs' disclosure was timely, (2) Plaintiffs' initial expert report and opinions were submitted on January 24, 2022, (3) the Second Supplemental Report is compliant with Rule 26, and (4) Movers are not prejudiced. See Record Document 44.

## LAW AND ANALYSIS

### A. Plaintiffs' reports are untimely and deficient under Rule 26

Federal Rule of Civil Procedure 26 governs the disclosure of expert reports:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;

3

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Rule 26 further provides that "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Importantly, an expert report disclosed under Rule 26 must be "detailed and complete" and should include "the testimony that will be presented during direct examination and the reasons therefor." Honey-Love v. United States, 664 F. App'x 358, 361 (5th Cir. 2016) (citing Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 Amendments)). "The first and most important element of the Rule 26 analysis is whether the report prepared by [the expert] contains a complete statement of his opinions and the basis for his opinions." Campbell v. McMillin, 83 F. Supp. 2d 761, 764 (S.D. Miss. 2000). By ensuring compliance with these requirements, courts "avoid the disclosure of 'sketchy and vague' expert information." Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc., 73 F.3d 546, 571 (5th Cir. 1996) (citing Fed. R. Civ. P. 26 Advisory Committee's Notes).

This Court agrees with Movers that Plaintiffs failed to timely disclose an expert report that complies with Rule 26. The clear deadline for Plaintiffs to submit expert reports, as laid out in this Court's Scheduling Order, was April 21, 2022. See Record Document

35 at 2. While Plaintiffs argue that the disclosure in general discovery of the Architect's Field Report on January 24, 2022, was timely and put Movers on notice of the content of Nelson's opinion, this report cannot satisfy the requirements of Rule 26. See Record Document 44 at 3. The Architect's Field Report, excluding photographs, is a mere two pages long, and contains only the following with regard to an opinion: (1) "It is our opinion that the design of the building is causing these issues"; and (2) "In general the workmanship on the project is well below industry standards." See Record Document 51-2 at 5 (Ex. 1 at PGLLC-030021–22). "Among other things, an expert's report must contain a 'complete statement of all opinions the witness will express,' and 'the facts and data considered by the expert.'" Beane v. Util. Trailer Mfg. Co., 934 F. Supp. 2d 871 (W.D. La. 2013) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i–ii)). The Architect's Field Report contains neither. It merely states two conclusory opinions, without providing the basis for those opinions or any apparent methodology used by Nelson. The Report also lacks all of the requirements pertaining to Nelson's qualifications, previous testimony, and compensation. Thus, this bare bones outline of Nelson's initial observations falls short of the six requirements laid out in Rule 26: it is neither "detailed" nor "complete." See Honey-Love, 664 F. App'x at 361. The same is true of each of Plaintiffs' subsequent reports; each report is missing at least one, if not more, of Rule 26's requirements. See Record Document 51-2 at 12–14 (explaining in detail how each report fails to satisfy Rule 26).

Plaintiffs' argument that later-disclosed versions of the same report were compliant with Rule 26, and thus relate back to the Architect's Field Report, is misplaced. Plaintiffs seem to argue that if the Supplemental Report or Second Supplemental Report, which were produced after the April 21 deadline, satisfy Rule 26's requirements, then the initial

5

report is timely and sufficient. See Record Document 44. However, "the discovery order and Rule 26(a) clearly require that the initial disclosures be complete and detailed." Sierra Club, 73 F.3d at 571. Even if the later reports were to qualify as true supplemental or rebuttal reports, "[t]he purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." Id.; see also Simmons v. Johnson, No. CIV.A. 06-325-A-M2, 2008 WL 474203, at *2 (M.D. La. Feb. 14, 2008) ("Courts have routinely rejected untimely 'supplemental' expert reports and testimony where the opinions are based upon information available prior to the deadline for service of initial expert reports."). Thus, simply because a later-disclosed report might meet the requirements of Rule 26 does not solve the deficiencies in an earlier-disclosed report, such that the deadline for disclosure can be ignored. Thus, even if the later reports were sufficient, none of them may relate back to the Architect's Field Report, which was deficient before the April 21 disclosure deadline.

### B. Plaintiffs' reports must be excluded under Rule 37

Having determined that the Nelson reports are untimely and deficient, this Court must determine the appropriate remedy. Courts consistently disallow expert testimony submitted after the disclosure deadline, especially where the testimony contains opinions based on information available to the party prior to the deadline. See Sierra Club, 73 F.3d at 571. Under Federal Rule of Civil Procedure 37(c), the presumptive sanction for failing to timely "disclose a testifying expert or supply a required expert report…is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." Honey-Love, 664 Fed. Appx. at 362 (citing Fed. R. Civ. P. 37(c)(1)); see also Williams v.

6

State, No. 14-00154-BAJ-RLB, 2015 WL 5438596, at *2 (W.D. La. Sept. 14, 2015). The Fifth Circuit has provided four factors to determine whether a Rule 26 violation is substantially justified or harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir.1990)).

This Court finds that the balance of these factors favors excluding Nelson's reports and testimony. First, Plaintiffs have failed to provide any explanation at all for the untimely disclosure. Instead, Plaintiffs simply argue in their opposition that the disclosure was in fact timely. See Record Document 44 at 2. As explained above, this assumption is incorrect, and thus the first factor favors excluding the expert testimony. See 1488, Inc. v. Philsec Inv. Corp., 939 F.2d 1281, 1289 (5th Cir. 1991) (holding that exclusion of testimony is "particularly appropriate" where party "fail[s] to provide an adequate explanation for their failure to identify their expert within the designated timetable").

As to the second factor, Plaintiffs assert that "[t]he testimony of Mr. Nelson to Plaintiffs is critical to Plaintiffs [sic] case," and that "Mr. Nelson is Plaintiffs' sole expert witness." Id. at 8. "This relevance, however, only underscores the importance of plaintiffs' compliance with the court's deadlines." Sapp v. Centauri Specialty Ins. Co., No. 2:18-CV-00796, 2019 WL 8137171, at *2 (W.D. La. Dec. 11, 2019). Additionally, the importance of testimony "cannot singularly override the enforcement of local rules and scheduling orders." Hamburger, 361 F.3d at 883. Thus, this factor also does not weigh in Plaintiffs' favor.

Further, as Defendants note in their reply to Plaintiffs' opposition, Plaintiffs' disregard of the discovery deadlines "disrupts the court's docket and opponent's preparation, and thus, is prejudicial." See Record Document 50 at 8. The Second Supplemental Report, which Plaintiffs argue is fully compliant with Rule 26, was not produced until June 15, 2022, less than one week before the expiration of the final discovery deadline on June 20, 2022. See id. As the Fifth Circuit has stated, "each delay in producing…expert witness" can result in additional expenses and disrupt the preparation of a party's case. See Barrett v. Atl. Richfield Co., 95 F.3d 375, 381 (5th Cir. 1996). Additionally, as noted above, Plaintiffs affirmatively represented to Defendants in their discovery responses that Plaintiffs "ha[d] not retained expert witnesses in this matter." See Record Document 43-1 at 4 (Ex. 2, at Plaintiffs' Response to Interrogatory No. 13). Thus, Movers were not on notice prior to the April 21 deadline that Plaintiffs had retained any experts, let alone Nelson. Thus, this Court finds prejudice to the Movers, who were not provided with a sufficient expert report until far past the deadline provided in the Scheduling Order.

Even further, despite Plaintiffs' argument to the contrary, Rule 26 "does not make the disclosure dependent upon the request of opposing counsel or require opposing counsel to depose the expert or subpoena the expert's records." See Record Document 71 at 8. As the Advisory Committee Notes to Rule 26 explain, one of the key purposes of Rule 26 was to avoid the need to depose expert witnesses, thus driving down costs and time delays. See Fed. R. Civ. P. 26 Advisory Notes. Thus, Movers were not required to depose Nelson to be entitled to his expert report in a timely fashion. See Beane, 934 F.

Supp. 2d at 878 (finding that defendant was not required to depose expert to avoid an "ambush at trial").

Notably, Plaintiffs and Defendants were apparently involved in discussions to extend the discovery deadlines via a joint motion to continue. See Record Document 43-1 at 4. However, after producing the Preliminary Report on April 26, "Plaintiffs advised Defendants that they would 'not be able to join in a motion to continue any dates or deadlines.'" See id. at 5. Plaintiffs thus had the potential to work with opposing counsel to ensure a later-filed report would be considered timely, but they failed to take this opportunity. See Sadler v. Int'l Paper Co., No. CIV.A. 09-1254, 2014 WL 346119, at *7 (W.D. La. Jan. 30, 2014) (finding that plaintiffs had many options to fulfill their discovery obligations, including "mov[ing] for an extension of the expert disclosure deadline"). Thus, on balance, these factors demonstrate that Plaintiffs' failure to timely produce a compliant expert report was not substantially justified or harmless. "The court must have some sanction available to enforce its own deadlines and rules." Sapp, 2019 WL 8137171, at *2. Thus, Nelson's reports and testimony will be excluded.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Movers' Motions in *Limine* (Rec. Docs. 43 & 51) to exclude the reports, opinions, and testimony of Plaintiffs' expert, Dyke Nelson, are **GRANTED**.[1]

---

[1] The Court's decision to exclude the reports, opinions, and testimony of Nelson renders Defendants' Joint Daubert Motion (Rec. Doc. 53) concerning the same expert, Dyke Nelson, moot.
Further, the Court's decision also renders Defendants' Joint Motion to Strike the Affidavit of Joseph Dyke Nelson (Rec. Doc. 75) moot. As this Court noted above, a party may not submit new expert opinions not contained in a timely expert report after the disclosure deadline. See Buxton v. Lil' Drug Store Prod., Inc., No. 2:02CV178KS-MTP, 2007 WL 2254492, at *5 (S.D. Miss. Aug. 1, 2007), aff'd, 294 F. App'x 92 (5th Cir. 2008) ("Courts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based on information available prior to the missed deadline for service of initial disclosures."). Thus, all of Nelson's subsequent opinions, including those contained in the affidavit, are excluded.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of October, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT