# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| GLENN R. STEWART, ET AL. | CIVIL ACTION NO. 20-1479 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| MORTON M. GRUBER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## AMENDED MEMORANDUM RULING[1]

Before the Court is a Joint Motion for Summary Judgment (Record Document 56) filed by Defendants, Metzger Architecture, LLC and Thomas J. Metzger (collectively "Metzger") and Morton M. Gruber, AIA, Architects and Morton M. Gruber, AIA (collectively "Gruber" and together with Metzger, "Defendants"). Defendants seek summary judgment as to all claims made against them by Plaintiffs, Glenn R. Stewart, Maison Lafayette, LLC, and Parc Gardens, LLC (collectively "Plaintiffs"). Plaintiffs filed a memorandum in opposition to this motion, together with the opposition to two other pending motions for partial summary judgment. See Record Document 73. Defendants then filed a joint reply memorandum in support of this motion and others. See Record Document 80. For the reasons set forth below, the Joint Motion for Summary Judgment is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The present suit arises out of the design and construction of a multi-building project known as "Camellia Gardens – Apartment Homes" in Lafayette, Louisiana. See Record Document 56-1 at 1. In September 2014, Camellia Gardens, LLC, as owner, entered into a Standard Form Agreement with Gruber, whereby Gruber would provide architectural

---

[1] Although the Court's previous Memorandum Ruling (Record Document 98) constituted a final judgment disposing of all claims and all parties, the ruling is amended to clarify the disposition of Third-Party Defendants, Frederick W. Keeney and F.W. Keeney & Associates.

services for the project. See id. This initial agreement was amended in 2015 to reflect that Maison Lafayette, LLC was the owner of the project. See id. at 2. Then, in November of 2016, Maison Lafayette, Gruber, and Metzger entered into an Assignment Agreement, whereby Metzger agreed to perform the remaining architectural services for the project. See id. On May 4, 2020, Plaintiffs filed suit in state court against Metzger and Gruber, alleging negligence and breach of contract relating to the architectural design services rendered for the project. See id. at 3. Defendants thereafter removed the suit to federal court. See id.

On October 12, 2021, the Court issued an amended Scheduling Order setting the deadline for the disclosure of Plaintiffs' expert information and reports as April 21, 2022. See Record Document 35 at 2. However, Plaintiffs did not produce an expert report by the April 21 deadline. See Record Document 56-1 at 3. After the disclosure deadline had passed, Plaintiffs produced a series of amended reports by their purported expert, Joseph Dyke Nelson ("Nelson"): (1) a "Preliminary Report of Observations at Parc Gardens Apartments" produced on April 26, 2022; (2) a "Supplemental Export Report" produced on May 13, 2022; and (3) an "Amended and Supplemental Expert Report" produced on June 15, 2022. See Record Document 43 at 4–6. In a Memorandum Ruling issued on October 27, 2022, this Court granted two motions in *limine* excluding the reports and testimony of Nelson because the expert reports produced by Plaintiffs were untimely and deficient under Federal Rule of Civil Procedure 26. See Record Documents 96 & 97. Notably, Nelson is the only expert witness Plaintiffs attempted to retain.

In the present Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law because Plaintiffs cannot establish the applicable

standard of care, a breach thereof, or causation in the absence of expert testimony. See Record Document 56-2 at 1. Defendants assert that the exclusion of Nelson's testimony prevents Plaintiffs from proving essential elements of their claims against Defendants, and thus those claims must be dismissed. See id. In their comprehensive response to various pending summary judgment motions, Plaintiffs argue that they can prove the relevant standard of care; however, this argument seems to rely on the testimony of their purported expert, Nelson. See Record Document 73 at 16–18. In their reply, Defendants argue that "once the Court excludes Nelson's prior reports and his affidavit, his opinions cannot be used to support a finding that there are genuine issues of material fact." See Record Document 80 at 5.

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). "Summary judgment is proper 'where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete

failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact.'" Geiserman v. MacDonald, 893 F.2d 787, 793 (5th Cir. 1990) (quoting Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir.1988)).

If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Further, on a motion for summary judgment, inadmissible material will not be considered because it cannot later be used at trial and thus cannot establish a genuine dispute of material fact. See Geiserman, 893 F.2d at 793.

**B. Analysis**

Defendants argue that, once Nelson's expert testimony is excluded, Plaintiffs cannot establish the standard of care applicable to architects, as is required for their claims against the Defendants. See Record Document 8 at 5. This Court agrees and finds that, upon exclusion of Nelson's reports, opinions, and testimony, Plaintiffs cannot establish the standard of care necessary to prove their case.

Under Louisiana law, liability only attaches for a professional if his or her conduct falls below an established standard of care. See, for e.g., Holzenthal v. Sewerage & Water Bd. of New Orleans, 950 So.2d 55, 45 (La. App. 4 Cir. 1/10/07), writ denied, 953 So.2d 71 (La. 2007); A. F. Blair Co. v. Mason, 406 So.2d 6, 14 (La. Ct. App. 1981), writ denied,

410 So.2d 1132 (La. 1982); Sams v. Kendall Const. Co., 499 So.2d 370, 374 (La. Ct. App. 1986). Failure to prove this standard of care, a breach thereof, or causation is fatal to a claim. See Brennan's Inc. v. Colbert, 191 So. 3d 1101, 1115–16 (La. App. 4 Cir. 4/13/16). This is true whether a plaintiff's claims sound in contract or tort. See, for e.g., Holzenthal, 950 So.2d at 82–83. Additionally, expert testimony is required to establish the appropriate standard of care, except in rare circumstances. See Sams, 499 So.2d at 374 ("To establish the standards of care and skill against which an architect's performance is judged, it is necessary to produce expert witnesses who can testify as to what those standards are."); see also Carter v. Deitz, 556 So.2d 842, 867 (La. Ct. App.), writ denied, 566 So.2d 960 (La. 1990), and writ denied, 566 So.2d 992 (La. 1990), and writ denied, 566 So.2d 993 (La. 1990). Thus, to prove their claims against the architect Defendants, Plaintiffs were required to present expert testimony as to the standard of care for architects in Louisiana. This they failed to do.

Summary judgment is appropriate where a party lacks expert testimony to establish the standard of care. See Geiserman, 893 F.2d at 792 (holding that a party "cannot attempt to create a fact issue with evidence of facts that cannot be proven at trial"); Honey-Love v. United States, 664 F. App'x 358, 363 (5th Cir. 2016) (upholding summary judgment where expert report was excluded); Pratt v. Landings at Barksdale, No. CIV.A. 09-1734, 2013 WL 5376021, at *9 (W.D. La. Sept. 24, 2013) (granting summary judgment after striking expert affidavit). Further, when a court holds testimony inadmissible at trial, the same testimony cannot be used to oppose summary judgment. See Gesierman, 893 F.2d at 793. Thus, here, Nelson's testimony cannot be used to oppose summary judgment because the testimony has been excluded. See Record

5

Documents 96 & 97. Notably, Defendants have introduced evidence that their actions satisfied the standard of care through the expert testimony of Michael W. Hill, AIA, and Frank Thompson, P.E. <u>See</u> Record Document 56-2 at 14–16. Because Plaintiffs' opposition to Defendants' motion for summary judgment relies on Nelson's excluded testimony, and Plaintiffs have not retained any other experts, Plaintiffs fail to controvert Defendants' summary judgment evidence. Thus, Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Defendants' Joint Motion for Summary Judgment (Record Document 56) is **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Third-Party Complaint (Record Document 25) against Third-Party Defendants, Frederick W. Keeney and F.W. Keeney & Associates, is also **DISMISSED WITHOUT PREJUDICE**. Because the principal claims against Defendants have been dismissed, the third-party indemnification claims filed by Defendants are now **MOOT**.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this <u>3rd</u> day of <u>November</u>, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT