**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| GLENN R. STEWART, ET AL. | CIVIL ACTION NO. 20-1479 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MORTON M. GRUBER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is an Amended Motion for Reconsideration (Rec. Doc. 104) filed by Plaintiffs, Glenn Stewart, Parc Gardens, LLC, and Maison Lafayette, LLC dba Camellia Gardens, LLC ("Plaintiffs"). Plaintiffs ask the Court to reconsider its November 3, 2022 Amended Memorandum Ruling and Order (Rec. Docs. 102 & 103) dismissing all claims against Defendants, Metzger Architecture, LLC, Thomas J. Metzger, Morton M. Gruber, AIA, Architects and Morton M. Gruber, AIA ("Defendants"). Defendants filed an opposition (Rec. Doc. 106), and Plaintiffs filed a reply (Rec. Doc. 107). For the following reasons, the Motion is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may challenge a judgment or order under Rules 54(b), 59(e), or 60(b). See, e.g., Southern Snow Mfg. Co., v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. Jan. 31, 2013). When the motion for reconsideration concerns a final judgment, as in the current case, Rules 59 and 60 apply. The timing of the motion affects the standard to be applied to the motion. If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. See Duplechain v. Neustrom, No. CV 6:15-2433, 2019 WL 1598155,

at *2 (W.D. La. Apr. 15, 2019) (citing Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004)). Here, Plaintiffs filed their Motion for Reconsideration within the twenty-eight-day period required for a Rule 59(e) motion. Accordingly, the Court will construe the motion as one under Rule 59(e) of the Federal Rules of Civil Procedure.

Generally, a motion to alter or amend a judgment under Rule 59(e) may be granted for the following grounds: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such motions. See Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Furthermore, motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.... Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citations omitted). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." Southern Snow Mfg. Co., 921 F. Supp. 2d at 566.

In the Motion for Reconsideration, Plaintiffs argue this Court's ruling on Defendants' Motion in Limine and contemporaneous ruling on the Motion for Summary

Judgment awarded an inappropriately severe sanction and should be reconsidered. See Record Document 104-1 at 1. Plaintiffs assert that the Court's exclusion of their expert witness due to procedural defects and untimeliness resulted in the "draconian" sanction of dismissal of the entire suit. See id. at 2. In essence, Plaintiffs attempt to reargue Defendants' Motion for Summary Judgment, yet Plaintiffs have come forward with no new evidence, nor any evidence of substantial error or unusual circumstances warranting the granting of the Motion for Reconsideration, as required by Federal Rule of Civil Procedure 59(e). The facts do not warrant the "disfavored, extraordinary remedy" Plaintiffs request, a remedy that is disfavored by the Fifth Circuit. See Johnson v. Fanial, No. 6:17-CV-00571, 2020 WL 262758, at *2 (W.D. La. Jan. 16, 2020). The Court finds that Plaintiffs have not made the requisite showing, and thus, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the First Motion for Reconsideration (Rec. Doc. 100) filed by Plaintiffs is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 7th day of February, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT

3